UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GUY ALLEN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:11CV279 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Movant Guy Allen's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed February 10, 2011. (ECF No. 1).

**BACKGROUND**

On June 11, 2009, a jury found Movant guilty of one count of possession of unregistered machine guns, in violation of 18 U.S.C. § 922(o). On November 20, 2009, Movant was sentenced to 24 months imprisonment, followed by supervised release for two years. Movant's conviction and sentence were affirmed on direct appeal. In the instant § 2255 Motion, Movant alleges the following two grounds for relief:

(1) That Movant received ineffective assistance of counsel, in that trial counsel improperly advised Movant to proceed to trial, rather than plead guilty; and

(2) That Movant received ineffective assistance of counsel, in that trial counsel failed to file pre-trial motions.

(Memorandum of Law in Support of § 2255 Motion ("Movant's Memo in Support"), PP.1-5).

**STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[1]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (citation omitted).

**STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL**

In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions

---

[1] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

## DISCUSSION

**A.     Ground 1**

In Ground 1 of his § 2255 Motion Movant maintains he received ineffective assistance of counsel, in that trial counsel improperly advised Movant to proceed to trial, rather than plead guilty. (Movant's Memo in Support, PP. 1-3). Specifically, Movant maintains that although he informed counsel pretrial of his actions and knowledge with respect to the events at issue, Mr. Lynch[2] erroneously encouraged Movant to proceed to trial, advising he had not violated the criminal statute against possessing unregistered machine guns. (Id.). Movant further asserts that counsel never conveyed to him the specifics of any plea offers from the Government. (Id., P. 2).

During an evidentiary hearing held on Movant's claims on November 18, 2011, Movant testified in a contradictory manner with regard to the first portion of his claim. In other words, while Movant claimed in his § 2255 Motion that under questioning from Mr. Lynch he admitted all the elements of the crime on the stand at trial, during the evidentiary hearing he stated he did not admit

---

[2] Mr. John Lynch represented Movant in his criminal matter.

- 3 -

to knowingly possessing the machine guns, nor did he admit to knowingly storing them for his friend. (Evidentiary Hearing Tr., P. 13).

By way of contrast Movant's attorney, Mr. Lynch, testified consistently throughout the proceeding. In other words, Mr. Lynch repeatedly testified that his trial strategy consisted of having Movant acknowledge some aspects of the Government's case but deny others, including possessing and knowingly possessing the machine guns during the relevant time period. (Evidentiary Hearing Tr., PP. 28-29, 31, 43-44).

With respect to the second part of his claim, while Movant reiterated in his testimony his assertion that he never reviewed a proposed plea agreement with Mr. Lynch (see Evidentiary Hearing Tr., PP. 10-11), Mr. Lynch conversely testified as follows:

> With respect to a plea offer, I did request and receive a plea offer from the Government, I believe, in April of 2009, according to my files, that I did review in detail with Mr. Allen. The plea agreement consisted of 16 pages. A lot of that, the content of the plea agreement, was boilerplate, and then there were specific portions that applied to the charge at issue. So my methodology with respect to the plea agreement is to go through each page verbatim in the--in advance of any potential plea hearing because I know the Court is going to go through each plea agreement in detail as well, and that avoids any misunderstandings or mistakes with respect to entering a plea....
>
> There were active plea negotiations throughout the entire duration of my representation of Mr. Allen. Mr. Allen made it very clear when he retained me that he wanted a trial. Again, he was very emphatic about being innocent of the charge at issue....So notwithstanding that, it's my policy not to close any doors and I believe it's my obligation with respect to negotiating a plea. So I did that with the assigned prosecuting attorney. While I informed them my client intended to go to trial, I also asked and received a proposed plea agreement and kept those doors open all the way, I would say, up until trial....
>
> The assigned prosecuting attorney faxed the 16-page proposed plea agreement,...and I received that on April 8th and proceeded to discuss that in detail with Mr. Allen....And as I testified previously, it's my personal policy to go over the plea agreement not generally but verbatim....
>
> It would not make sense for me to actively or request a proposed plea agreement from the Government and then withhold it from the client. It also goes

- 4 -

against my representation. It's my obligation to do that. And it also goes along with my own, you know, philosophy as to representing defendants. I keep all doors open. Even if I have the most emphatic client that wants to go to trial, I keep the door open for a potential plea because I think it's my obligation and I think that it may prove beneficial to any particular client in the event they change their mind or something else comes to light.

(Evidentiary Hearing Tr., PP. 17, 20-22, 36). Mr. Lynch further testified that Movant rejected the offer from the Government, instead insisting that he wished to proceed to trial. (Id., P. 23).[3]

After considering the testimony from the evidentiary hearing and the record generally, the Court finds Movant did not receive ineffective assistance of counsel. Specifically, the Court finds Mr. Lynch's testimony, to the effect that he discussed the proffered plea agreement with Movant, and that his questioning of Movant during trial constituted valid trial strategy, was credible. Ground 1 of Movant's § 2255 Motion will therefore be denied.

**B.    Ground 2**

In Ground 2 of his § 2255 Motion Movant alleges he received ineffective assistance of counsel, in that trial counsel failed to file pre-trial motions. (Movant's Memo in Support, PP. 4-5). With this claim, the Court finds Movant fails to establish deficient performance. Specifically, the Court notes that during the evidentiary hearing, Movant testified that he signed the waiver of pretrial motions only because he trusted Mr. Lynch, who said "it would make things easier." (Evidentiary Hearing Tr., P. 5). For his part, during his testimony Mr. Lynch stated he discussed the various motions that could be filed with Movant, together with the potential problems he perceived with each. (Id., PP. 32-33, 36-37, 44-45). Mr. Lynch further testified that while he advised Movant it was not in his best interests to file motions, he left the decision to Movant, who ultimately decided to waive

---

[3] Movant seemingly confirmed this with his testimony, as follows: "[Mr. Lynch] said, "The Government is calling almost daily offering pleas but you want to go to trial, right?" I said, "Yeah, I want to go to trial." (Evidentiary Hearing Tr., P. 10).

his right to do so. (Id., P. 34).[4] Mr. Lynch's testimony was credible, and the Court cannot find under these circumstances that his representation fell outside the wide range of professionally competent assistance sanctioned by Strickland. Ground 2 is denied.[5]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) is **DENIED,** and Movant's claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this   5th   day of September, 2012.

                                                              /s/ Jean C. Hamilton

                                                UNITED STATES DISTRICT JUDGE

---

[4] Mr. Lynch further testified that Movant acknowledged his decision to forgo his right to file motions under oath during a colloquy with Magistrate Judge Mary Ann L. Medler. (Evidentiary Hearing Tr., PP. 31-32, 34, 45).

[5] In light of the Court's ruling that trial counsel's performance was not deficient, it need not consider whether Movant suffered prejudice.